## McKIERNAN v. FLETCHER.

The registry of an act of sale in the office of a parish judge, in the book in which both sales and mortgages were recorded, will preserve the privilege of the vendor, where, at the time of its registry, no separate book was kept for recording mortgages.

A purchaser at a judicial sale of the effects of a bankrupt, acquires no greater rights than the bankrupt himself had in the property sold.

Defendant sold certain lands, taking the notes of the purchaser for the price, and caused the act of sale to be registered. The purchaser re-sold the lands, and notes given to him for the price were subsequently, on his application to be declared a bankrupt under the act of Congress of 1841, surrendered to his assignee, and purchased by plaintiff at the sale of the

bankrupt's estate. The bankrupt was discharged, though opposed by defendant. *Held*, that the land not having formed part of the assets of the bankrupt, and his discharge being merely personal, defendant's privilege as vendor, which was preserved by the registry of the sale, was unaffected.

APPEAL from the District Court of Concordia, *Curry*, J. The facts of this case are stated in the opinion, *infra*.

*H. W. Dunlap*, for the appellant. The discharge of the bankrupt extinguished all debts due by him to creditors who proved or claimed in the bankrupt court. 6 Taunton, 75. 2 Howard, 209. 3 Howard, *Christy's* case, p. 308. 5 Rob. 27, 49. *City Bank* v. *Houston*, *ante* p. 114. Cullen on Bankruptcy, pp. 445, 149. The debt being extinguished, the security fell with it; *sublato fundamento cadit opus*. *Fletcher's* claim was transferred to the proceeds of *Green's* assets. When the notes of the *Collins*, which were the price of land, were sold, the purchaser acquired the vendor's privilege attached to them. *Fletcher's* claiming under the bankruptcy, was a relinquishment of his lien.

*Snyder*, on the same side, cited 4 Rob. 5. 5 Ib. 49.

*Frost*, for the defendant. The discharge of *Green* was merely personal. Act of Congress of 19 Aug. 1841, s. 2. The land was not surrendered by the bankrupt; had it been, the assignee could not have sold it free from the vendor's privilege. Act of 1841, s. 5. The registry of the act of sale was sufficient. 1 Gill and Johnson, 270. 4 Bin. 148.

The judgment of the court was pronounced by

Slidell, J. In January, 1837, *Fletcher* sold a tract of land in the parish of Concordia, to *Soule* and *Green*. In March of that year, *Soule* sold his interest to *Green*. In 1838, *Green* sold to *Bean*, and in the same year *Bean* sold to *J. C.* and *W. C. Collins*. The two last conveyances purport to be for cash, and recite the original sale of *Fletcher*. It appears that *J. C.* and *W. C. Collins* executed certain notes, which notes it is alleged were given for their purchase of land; and these notes went into the hands of *Green*, who subsequently became a bankrupt, and, by the surrender of his assets in the United States Court, they came into the hands of his assignee in bankruptcy, who, under order of court, sold the notes at marshal's sale, and the plaintiff became the purchaser of all the bankrupt's assets, being a nominal amount of $ , for the sum of $30. *McKiernan* then brought suit upon the notes against the maker, obtained a judgment with privilege on the land, seized it in execution, and finding himself embarrassed in effecting a sale, by the outstanding vendor's privilege in favour of *Fletcher* for the price of the land, took a rule upon *Fletcher* and the recorder of mortgages, to show cause why the mortgage in favour of *Fletcher* should not be cancelled. *Fletcher* relies, in answer to the rule, on the notes originally given to him for the price, and the registry, in January, 1837, of his privilege as vendor. There was judgment for the defendant *Fletcher*, and the plaintiff has appealed.

The pretensions of the plaintiff are utterly unfounded. *Fletcher's* privilege was preserved by the registry of the act of sale in the proper office. It is objected to this registry that, it was not in a book specially kept for the registry of mortgages. At that time there was no special book for mortgages kept in the parish judge's office. Sales and mortgages were recorded in the same book. It was not until some months afterwards that the parish judge began to keep a separate book. While there was but one book kept no person making search in the office could be deceived. It was only when separate books were opened by the parish judge, that parties could be led astray by an improper registry. We have already considered this subject, and see no reason to change our opinion.

MCKIERNAN
v.
FLETCHER.

But the question of registry is not important in this case. Aside from that, the plaintiff has no color of right. The vendor's privilege was good against *Green*, without registry. The plaintiff, who stands before us as the transferee of *Green's* rights in the notes of *J. C.* and *W. C. Collins*, by judicial purchase, has no greater rights than *Green*. He represents *Green*, and the claim to cancel the privilege in favour of *Fletcher* is as unfounded as if made by *Green* himself.

The plaintiff contends that, as *Green* received his discharge in bankruptcy notwithstanding the opposition of *Fletcher*, who appeared in the bankruptcy for that purpose, the discharge of his personal liability discharged the vendor's claim and privilege upon the land. The land was not an asset of the bankrupt, and was never administered in the bankruptcy. The discharge of the bankrupt was merely personal.                              *Judgment affirmed.*